Opinion delivered June 25, 1886.

[No. 5076.]

## HUMPHREY MOORE v. THE STATE.

PRACTICE—PRIVILEGE OF COUNSEL.—Article 783 of the Code of Criminal Procedure provides that "the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." The effect of a decision of the Court of Appeals, reversing and remanding a conviction had in the court below, is to award the accused a new trial. See the opinion *in extenso* for remarks of prosecuting counsel, used in argument to the jury, *held* to be a palpable violation of the statute, and, therefore, reversible error.

Appeal from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

This is the appellant's second appeal from a conviction for an assault with intent to rape one Willie Ogle, a female under the age of ten years. The penalty assessed upon this trial was a term of two years in the penitentiary. The evidence was substantially the same as that adduced upon the former trial, which will be found fully set forth in the twentieth volume of these reports, commencing on page 275.

*Burleson & Harris,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. The appellant being on trial for assault with intent to rape, the district attorney, in his address to the jury, made use of the following language: "Gentlemen of the jury, a good jury of your county convicted the defendant of the offense with which he is now charged, upon a former and a previous indictment, and his attorneys appealed it to the Court of Appeals upon a trifling technicality in drawing the indictment; and that court reversed the case, and, by taking advantage of this trifling technicality, without merit, he has caused your county great expense, which comes out of the pocket of every good tax payer, yourselves among the rest; and now, in view of these facts, I ask you to give him such a term in the penitentiary that will make up for this great expense he has caused upon a mere technicality."

The defense promptly excepted, and the matter is presented here by bill of exceptions duly saved, the ground of objection being that the remarks were unfair, outside of the record, and prejudicial to the defendant.

On a former appeal a judgment of conviction in this case was reversed and the cause remanded for errors indicated in the opinion of the court. (See Moore v. The State. 20 Texas Ct. App., 275.) The effect of that decision was to award the defendant a new trial. Our statute provides that " the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, *nor shall it be alluded to in the argument.*" (Art. 783, Code Crim. Proc.) The right secured

to one accused of crime by this provision is a substantial one, and he is entitled to have it enforced. (Hatch v. The State, 8 Texas Ct. App., 416.)

The remarks of counsel, so far as set out above, were in direct violation of this law. That another jury, on a former trial, reached the conviction that the accused was guilty of the crime charged to him cannot be used as a fact or in argument upon any subsequent trial; nor will the fact that the accused had prosecuted an appeal from such conviction, and thus entailed an adidtional expense upon the county or State, constitute a fact to be used in evidence, or a reason to be used in argument, for the purpose of inducing the jury to increase the punishment to be fixed by their verdict. By the Constitution of the State is secured to the citizen the right of an appeal from any judgment of conviction in felony cases, and in the prosecution of such right to a reversal of such conviction he is not to be held accountable for, nor is he to be punished for the additional expense that may thus be entailed upon the country; for the very simple reason that such expense results from the inefficiency of the agencies which the State has charged with the administration of the law.

In many decisions this court has urged upon counsel, whose duty it is to proscute the pleas of the State, to refrain from injecting into trials of cases of this kind any matter calculated to inflame the minds or excite the prejudice of the jury. If we could add anything to what has been said, or could use any language calculated to reach the minds and consciences of those to whom such admonitions are addressed, we would avail ourselves of the present occasion so to do. As we can not, we can only reverse and remand the case, in the hope that the accused may secure a fair and impartial trial, according to law and according to those methods, alike ancient and honorable, which still obtain in all enlightened courts. It is so ordered.

*Reversed and remanded.*